**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auto Now Financial Services, Inc., dba Tico Rico Te Ayuda,<br><br>Plaintiff,<br><br>v.<br><br>Mohammed H. Abdeljaber and Jane Doe 1 Abdeljaber; Rafat Abdeljaber and Jane Doe 2 Abdeljaber; Nashat Hasan Abdeljaber and Jane Doe 3 Abdeljaber; SW Money Express, LLC; AZ Tune Up Masters, LLC; NRM Investors, LLC; all of the foregoing Defendants dba Tia Rica, Tia Rica No Te Friega, Mr. Cash For Gold, Mr. Cash For Titulos; Gladys Martinez and John Doe Martinez; Black and White Corporations 1-10; John Does and Jane Does 1-10,<br><br>Defendants. | No. CV-13-00918-PHX-NVW<br><br>**ORDER** |

Before the Court is the Consolidated Motion to Dismiss Defendants Mohammed and Jane Doe 1 Abdeljaber, Rafat and Jane Doe 2 Abdeljaber, Nashat and Jane Doe 3 Abdeljaber, AZ Tune Up Masters, LLC, and NRM Investors, LLC ("Defendants' Motion") (Doc. 76), as well as Plaintiff's Response. No Reply was filed. (*See* Doc. 81.) Defendants' Motion will be denied.

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

1  (9th Cir. 1990).  To avoid dismissal, a complaint need include "only enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  On a motion to dismiss under Rule 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Finally, a court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

Defendants' Motion is broadly premised on two arguments: (1) the Complaint fails to assert a theory of liability that extends beyond Defendant SW Money Express, LLC ("SW Money") to the other defendants; and (2) the Complaint fails to include the specificity required of claims sounding in fraud.  (Doc. 76 at 2.)  Auto Now contends in turn that Defendants failed to follow this Court's required meet-and-confer procedure and that the alter-ego theory of liability (alternatively, piercing the corporate veil) discussed by Defendants is not the only theory under which Auto Now sues Defendants.  Further, Auto Now argues that the Complaint sufficiently states a claim under the theory of alter-ego liability and that it need not satisfy the fraud requirement for such a claim.

Defendants' counsel certified that it attempted to confer with Auto Now as required by this Court's Order dated May 6, 2013 (Doc. 6).  (*See* Doc. 76 at 21.)  That Order mandates a meeting between parties prior to a motion to dismiss and that the parties certify that they "have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable" if a party does file such a motion.  (Doc. 6 at 1.)  Auto Now explains that Defendants' counsel contacted Auto Now's counsel to initiate the meet-and-confer process but did not await a reply before filing Defendants' Motion.  Such an attempt by Defendants' counsel is entirely insufficient to satisfy this Court's Order and is a basis for denial of Defendants' Motion.

//
//

1 However, Defendants' Motion also fails, and will be denied, on its merits. It hinges on the assumption that Auto Now has sued a number of individual and LLC defendants under theories of piercing and reverse-piercing the corporate veil, all for misconduct by Defendant SW Money. However, Auto Now alleges misconduct by each Defendant on whose behalf Defendants' Motion was filed. For example, Auto Now's First Amended Complaint alleges that Defendants Mohammed, Rashat, and Nashat Abdeljaber "repeatedly contacted [Auto Now's employee] while she was still employed by Plaintiff. The purpose of the contacts was to solicit the cooperation of [that employee] in stealing Plaintiff's confidential information" for Defendants' benefit. (Doc. 51 ¶ 24.) As another example, Auto Now alleges that Defendant NRM Investors, LLC "licensed nine of its ten locations within days of hiring [Auto Now's former employee]," (*id.* ¶ 25), potentially allowing for an inference of wrongdoing by NRM Investors, LLC. Auto Now has grounded its First Amended Complaint in large part on the theory that each Defendant acted as a co-principal in the misappropriation of confidential information and other violations. As such, Auto Now need not allege sufficient facts to state a claim under a theory of alter-ego liability in order to survive Defendants' Motion. The issue of whether Auto Now has laid out sufficient facts to support such a theory need not be and is not decided here.

In addition, Auto Now's First Amended Complaint does not sound in fraud, and moreover Auto Now does not necessarily need to present its allegations with the particularity required for fraud claims, given the nature of its allegations.

Finally, both parties' requests for attorney's fees and costs will be denied.

**IT IS THEREFORE ORDERED** denying the Consolidated Motion to Dismiss Defendants Mohammed and Jane Doe 1 Abdeljaber, Rafat and Jane Doe 2 Abdeljaber, Nashat and Jane Doe 3 Abdeljaber, AZ Tune Up Masters, LLC, and NRM Investors, LLC (Doc. 76).

///

///

**IT IS FURTHER ORDERED** denying the parties' requests for attorney's fees and costs.

Dated this 13th day of August, 2013.

_____
Neil V. Wake
United States District Judge